# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### Western Division

| | |
|---|---|
| JUNHE QIU | : Case No:_____ |
| 211 Bosley Street #3 | : |
| Cincinnati OH 45220 | : |
| | : |
|     Plaintiff | : Judge: |
| | : |
| v. | : Magistrate Judge: |
| | : |
| UNIVERSITY OF CINCINNATI | : |
| 2600 Clifton Avenue | : |
| Cincinnati, Ohio 45221 | : |
| | : |
| and | : |
| | : |
| DR. NEVILLE G. PINTO | : |
| *in his official capacity as president of* | : |
| *the University of Cincinnati* | : |
| 2600 Clifton Avenue | : |
| Cincinnati, Ohio 45221 | : |
| | : |
| and | : |
| | : |
| DR. C. CATHERINE LOSADA | : |
| *Individually and in her official capacity as* | : |
| *associate professor of music of the* | : |
| *University of Cincinnati* | : |
| 2600 Clifton Avenue | : |
| Cincinnati, Ohio 45221 | : |
| | : |
|     Defendants | : |

_____

## **COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

    Plaintiff Junhe Qiu (hereinafter "Mr. Qiu" or Plaintiff), by and through counsel, for his Complaint states that Defendants have denied him equal access to the music courses, programs and activities of the University of Cincinnati (hereinafter "UC") in

1

violation of federal law. Plaintiff also alleges that Defendants violated R.C. §41102 for practicing unlawful discrimination and causing the Plaintiff intentional infliction of emotional distress. Further Mr. Qiu alleges as follows:

## PARTIES

1. Plaintiff is an undergraduate student in the Department of Music (hereinafter "DOM") and is matriculated in the bachelors degree program of the DOM.

2. Plaintiff has and presently suffers from certain substantial medical disabilities that intermittently affects his ability to study and perform daily life activities. Mr. Qiu is a person with a physical or mental impairment that substantially limits one or more major life activities, a person who has a history or record of such an impairment, or a person who is perceived by others as having such an impairment. Specifically, Plaintiff has (1) been diagnosed by the UC Medical Center on or about 11/28/2016 as having sinus tachycardia which causes intermittent syncope and collapse especially under placed under unusual stress, (2) chronic musculoskeletal inflammation and pain of the left shoulder since his high school student days in China, and (3) been diagnosed as suffering from depression by the UC Medical Center. At all times relevant said disabilities are known to Defendants. Notwithstanding aforesaid disabilities, Plaintiff through personal struggle and perseverance is an outstanding music student at UC and has attended international classes and performed the violin before international audiences.

3. Plaintiff is an international student originating from China and he is studying music at UC under an Form I-20 (Certificate of Eligibility for Nonimmigrant Student Status issued by UC). Plaintiff has a current F-1 visa issued by the United States Department of State which is valid only if Mr. Qiu remains in "duration of status" by

2

being enrolled in classes at UC in compliance with his I-20. Presently, Plaintiff has been lawfully admitted into the jurisdiction of the United States of America under said F-1 visa and he is residing in Hamilton County, Ohio. Plaintiff also has a music scholarship form Defendant UC.

4. Defendant UC is a public research university in Cincinnati, in the United States and state of Ohio, and is a part of the University System of Ohio. UC exists pursuant to R.C. §3361, *et seq.* UC receives federal funding. Therefore, it is a government entity under Title II of the Americans with Disability Act, 42 U.S.C. §12131, *et. seq.*

5. UC receives federal financial assistance in many forms, including, but not limited to, direct grants of assistance as well as student financial aid, and is therefore required to comply with Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794. As a condition of receiving federal funds from the Department of Education, Miami annually signs a Certificate of Compliance certifying that it is in compliance with Section 504 of the Rehabilitation Act.

6. Defendant, Dr. Neville G. Pinto, in his official capacity is the president of UC.

7. Defendant, Dr. C. Catherine Losada, individually and in her official capacity is at all times, an associate professor at College-Conservatory of Music ("CCM") of UC.

## JURISDICTION & VENUE

8. This Honorable Court has jurisdiction over the dispute between the parties pursuant to 28 U.S.C. §1331 because the civil causes of action herein arise under the Constitution and laws of the United States.

9. This Court has jurisdiction pursuant to the Americans with Disability Act ("ADA"), 42 U.S.C. §12131, *et. seq.*

10. This Court has jurisdiction pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §794.

11. This Court has jurisdiction over the race, color, and national origin discrimination claims and for harassment, and for retaliation pursuant to 42 U.S.C. §2000(e) *et seq*. and 42 U.S.C. §1981 *et seq.,* and also ancillary jurisdiction over same discrimination claims because of the ADA claims.

12. This Court also has ancillary jurisdiction of the supplemental state claims actionable under R.C. §4112.02 and pursuant to 28 U.S.C. §1367.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because this Court is in the district where all of the Defendants reside and is also the district where the substantial part of the events or omissions in connection with Plaintiff's claims arose.

## INTRODUCTION OF PLAINTIFF

14. Plaintiff began playing the violin at age five (5).

15. Prior to being offered a music scholarship and coming to CCM UC, Plaintiff attended the Guangzhou Secondary School affiliated to the Xinhai Conservatory of Music Guangzhou. As a high school student, he performed publicly in numerous occasions in China. Before matriculating in CCM UC, Plaintiff had completed six (6) years in music theory and musicianship.

16. On or about November 2014, Plaintiff had heart surgery in China after he collapsed while at a music festival in Europe. The surgery was not completely successful and the heart problem continued to bother Mr. Qiu after he came to the USA to study at CCM UC.

4

17. Mr. Qiu has performed at University of Iowa in the academic exchange program. After the first year, Mr. Qiu performed at the Bowdoin International Music Festival with full scholarship from the Festival 2017. He further performed at the 58th Weimar Master Class 2017 in Germany and at Ameropa Chamber Music Festival in Prague, Czech Republic at their 25th Anniversary Academic Exchange & Collaborations. On January 17, 2017, Plaintiff was invited by Prof. Cara Pickett for the Fullbright UK Summer Program, but he could not attend because of a schedule conflict. On August 22, 2018, Mr. Qiu completed a summer class in Academie Internationale de Musique with Professor Guillaume Sutre.

## **FACTS**

18. Plaintiff has attended CCM at UC as an undergraduate student ever since August 2016.

19. At the end of his freshman year, Mr. Qiu completed and earned a GPA of 3.8.

20. Mr. Qiu's major is violin performance and he is a hardworking and conscientious student.

21. By merit, Mr. Qiu became a member of the CCM Concert Orchestra and he performed publicly for CCM many times up to an exhausting eight (8) shows per semester. He commands an excellent understanding of his field and is passionate about performing violin.

22. Plaintiff believed in improving his music through hard work and incessant practice. He understands that there is no short-cut to mastering music and does not believe in cheating to mastering his music.

23. On October 16, 2016, Plaintiff was seen by Alexandru Costea, M.D. at UC Health Arrhythmia Center for a cardiac symptom. Thereafter, Plaintiff collapsed on November 12, 2016 while practicing in the CCM orchestra rehearsal room. Mr. Qiu was transported by ambulance to the UC Emergency Room. Mr. Qiu was diagnosed with syncope and collapse from a heart defect. Two days later, Plaintiff underwent surgery by Imran Arif, M. D. where an implant was surgically placed in his chest. Defendants were fully aware of this heart problem because he had passed out during rehearsal in front of the student orchestra.

24. Plaintiff enrolled in Music Theory 2 in spring of 2017 with Defendant Losada. During this semester, Plaintiff also took Musicianship which is related to Music Theory and got an A for Musicianship. Mr. Qiu got the highest grade in his section of Musicianship (there were three (3) sections). Plaintiff had previously taken and completed Music Theory I with Professor David Berry and received a good grade during his freshman fall semester.

25. On March 10, 2017, Defendant Losada accused Plaintiff of academic dishonesty, specifically of completing one homework assignment using her instructor's manual. Defendant Losada accused Plaintiff of submitting answer that was similar to the material in her instructor manual. Defendant Losada accused Plaintiff of cheating by the unauthorized use of her instructor's manual. Students are not permitted access to the instructor manual. Plaintiff never had the instructor manual and Defendant Losada knew the accusation to be false. Nevertheless, out of respect for his professor, Mr. Qiu sat down and talked with her. Defendant Losada told Mr. Qiu that there will be no more trouble if he signed a confession to the accusation. From talking with other Asian

students who had taken the class before, Plaintiff was afraid of the power and vindictiveness of Defendant Losada. As a student from China, Plaintiff thought it best to listen to her, follow her advice, and avoid more trouble and so he signed the confession. When they were discussing the accusation, Defendant Losada did not tell Plaintiff that he could disagree with the accusation and that he had the right to challenge the accusation and have a hearing on the accusation.

26. In March 28, 2017, Defendant Losada accused the Plaintiff again specifically of completing another homework assignment using her instructor's manual. Defendant Losada again told Plaintiff that his answer was similar to the material in her instructor manual. As previously mentioned, students had no authority and ability to access the instructor manual. Mr. Qiu never had the instructor manual. As a result, Mr. Qiu, made some inquiries and requested a college hearing panel. At the hearing Plaintiff told the panel that he did not do the homework using her instructor manual. He further told the panel that students have no authority to access the instructor manual and in fact he never had the instructor manual. The homework involved a music composition within certain constraints. The constraint ensured a fairly limited range of composition and to answer question correctly, there is only a few possibilities of solution. It was like answering the question 2+2=? Defendant Losada came to the hearing and told the panel she is sure Mr. Qiu cheated because the answer was much too similar to the one in her instructor manual. The panel ruled that Plaintiff had cheated. Defendant Losada failed Plaintiff from the course.

27. Notwithstanding medical issues with his heart, and the adverse encounter with Defendant Losada, Mr. Qiu persevered and worked harder in 2017. The combined stress

and physical exertions aggravated a chronic physical problem in his left shoulder and left arm which Plaintiff had since high school in China. The intensity of international performance made the pain much worse such that in August 2017, Plaintiff suffered more injuries while over-practicing for his violin performance in Germany. For a time Mr. Qiu was unable the play the violin, but he was able to travel to the Czech Republic and he attended academic music sessions there. After that Plaintiff was forced to go back home to China for medical treatment where he received medical care including acupuncture. Because of the shoulder-arm injury, Mr. Qiu missed the fall semester of 2017 at CCM UC.

28. Upon treatment and recovery, Plaintiff returned to CCM UC for the spring semester 2018.

29. At that time, Defendants including Defendant Losada were fully aware of all the medical disability Plaintiff had been experiencing. Plaintiff had explained to the Defendants why he missed the fall semester of 2017. Defendants were also aware wje collapsed during orchestra practice and had to be transported by ambulance to the UC Emergency Room. Defendants were also aware of his medical disability when he missed classes during the semester.

30. Since Defendant Losada failed Mr. Qiu in Music Theory 2, which is a required course, he had to retake the course in spring after he came back from medical treatment of his left shoulder and arm. During the spring semester of 2018, Plaintiff's trouble resumed because Defendant Losada again was teaching Music Theory 2. For the third time on March 9, 2018, Prof. Losada again accused Plaintiff specifically of completing another homework assignment using her instructor's manual. She again suggested that

8

Plaintiff's answers were similar to the material in her instructor manual. Plaintiff requested a hearing which was set April 20, 2018.

31. On March 7, 2018, Plaintiff had passed out again during violin rehearsal at CCM and the ambulance took him again to UC Emergency Room. Mr. Qiu was seen by Opeulu M. Adeoyu MD who diagnosed syncope and collapse and sinus tachycardia. All these are related to Mr. Qiu's chronic heart condition. This time, UC doctors did not order more surgery. Plaintiff was advised to avoid stress and over-exertion because it can happen again.

32. Because Defendant Losada kept alleging and pressuring that Mr. Qiu cheated, he started to experience more violent chest pain. Mr. Qiu missed his hearing on April 20 because of his illness- chest pain and syncope. That day, Mr. Qiu could not get out of bed and was forced to remain in his bed and most probably drifted in and out of consciousness. He did not have the strength to inform the Dean or anyone else that he was very sick. While in bed, Plaintiff was unsure of what happened and all he knew afterwards was that he had missed the hearing.

33. After Plaintiff recovered from the chest pain, and found out that he had been dismissed from CCM UC. Mr. Qiu called and spoke with Dean Scott D. Lipscomb and told the Dean that he had been physically disabled on the date of the hearing and requested a new date so he can attend the hearing. Dean Lipscomb promised Plaintiff that he will look into his case, and review his request for accommodation by reason of medical disability. When Dean Lipscomb failed to get back to Plaintiff and never got a new hearing, Plaintiff then contacted another CCM administrator, Dean Stephanie Schlagel again to request accommodation of his medical disability in the form of a new

9

hearing so he can be personally present. Dean Schlagel and Plaintiff met in her office. After checking with some other people, Dean Schlagel did later reply to Plaintiff and informed him that it was too late to do anything because he had been dismissed from CCM.

34. Plaintiff is a victim of retaliation by Defendant Losada because he had refused to submit to her advice to confess to cheating and instead determined to challenge her accusation before a hearing panel. In the first place, the charges of academic dishonesty are but a pretext for hostility against Plaintiff's national origin, and color.

35. Defendant Losada has a pattern and practice of discriminating against music students of Asian origin by accusing them of academic dishonesty. Other victims of her relentless pattern discrimination include You Yang and Yi-chen Hu. There are other students of Asian origin yet to be named who were discriminated by Defendant Losada.

36. Defendants are fully aware of the medical situation including the heart condition because Plaintiff had passed out more than once during orchestra rehearsal and had to transported from CCM to UC Emergency Room. Defendants are also fully aware of his should-arm injury because he had to take a semester for treatment and recovery in China. Plaintiff had informed Defendants of his medical disability when he had to miss classes during the semesters and also when he missed the fall semester of 2017 because of the shoulder-arm injury.

37. During 2017 when Plaintiff was studying at UC, he was being seen by UC Health Services and prescribed Ablify for Depression.

38. On 7/2/2018, after he had been dismissed by Defendants, Plaintiff was seen by UC Health Services by Nora Paulford, CNP. She diagnosed that he was suffering from depression.

## **FIRST CAUSE OF ACTION - VIOLATION OF AMERICANS WITH DISABILITY ACT (ALL DEFENDANTS)**

39. Plaintiff incorporates previous allegations as if fully rewritten herein and states further as follows.

40. Defendants having full knowledge of the history of and present medical disability of Plaintiff violated the Americans with Disability Act, 42 U.S.C. §12131, *et. seq.* by failing to provide reasonable accommodation of said disability including the provision of a new hearing when Plaintiff was unable to attend the April 20, 2018 hearing because of severe chest pain and syncope.

41. The ADA, 42 U.S.C. § 12101 *et seq.*, guarantees equal access for qualified individuals to the benefits of the services, programs or activities of a public entity. 42 U.S.C. § 12132 *et seq.* 39.

42. Title II of the ADA mandates, *inter alia*, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

43. Therefore, Defendant UC failed to "furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity." 28 C.F.R. § 35.160(b)(1).

44. Defendant UC is a public entity under Title II of the ADA. Music classes and facilities at CCM UC are services, programs or activities provided by the Defendant UC.

45. Plaintiff is an individual with a disability under the ADA. The Defendants were on notice of Mr. Qiu's medical condition because he had passed out multiple times during rehearsal with the student orchestra.

46. Plaintiff was matriculated based on all general requirements to be a student at UC, had been awarded a music scholarship, and thus is a qualified individual entitled to the protections of the ADA. Defendant UC has excluded Mr. Qiu from participation in, denied him the benefits of, or otherwise discriminated against him in the academic programs of CCM UC.

47. As a proximate result of aforesaid violation, Plaintiff was wrongfully discharged from CCM UC, lost his music scholarship, and suffered financial hardship, Further he suffered delay and impediment to completing his music education and future career as a performing violinist which constitute irreparable harm.

48. As a proximate result of aforesaid violation, Plaintiff suffered emotional pain, distress, and anxiety.

## SECOND CAUSE OF ACTION - VIOLATION OF REHABILITATION ACT
## (ALL DEFENDANTS)

49. Plaintiff incorporates previous allegations as if fully rewritten herein and states further as follows.

50. Section 504 of the Rehabilitation Act mandates that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

51. Section 504 defines "program or activity," in pertinent part, as "all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government; or the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity)to which the assistance is extended, in the case of assistance to a State or local government . . . ." 29 U.S.C. § 794(b)(1).

52. By failing and dismissing Plaintiff from CCM UC, Defendants have violated his rights under the Rehabilitation Act.

53. As a proximate result of aforesaid violation, Plaintiff was wrongfully discharged from CCM UC, lost his music scholarship, and suffered financial hardship. Further, he suffered delay and impediment to completing his music education and future career as a performing violinist which constitute irreparable harm.

54. As a proximate result of aforesaid violation, Plaintiff suffered emotional pain, distress, and anxiety.

### THIRD CAUSE OF ACTION - NATIONAL ORIGIN, RACE, COLOR DISCRIMINATION (ALL DEFENDANTS)

55. Plaintiff incorporates previous allegations as if fully rewritten herein and states further as follows.

56. Defendants' conduct constitutes prohibited or unlawful disparate treatment on the basis of national race, and color in violation of, *inter alia*, 42 U.S.C. §2000(e) et seq., 42 U.S.C. §1981, and under corresponding R.C. §4112.02.

57. As a proximate result of aforesaid violation, Plaintiff was wrongfully discharged from CCM UC, lost his music scholarship, and suffered financial hardship, Further, he

suffered delay and impediment to completing his music education and future career as a performing violinist which constitute irreparable harm.

58. As a proximate result of aforesaid violation, Plaintiff suffered emotional pain, distress, and anxiety.

### FOURTH CAUSE OF ACTION - HOSTILE ENVIRONMENT (ALL DEFENDANTS)

59. Plaintiff incorporates previous allegations as if fully rewritten herein and states further as follows.

60. Defendants' conduct was prohibited because it was based on Plaintiff's medical disability, national origin, race and color.

61. Defendants' actions unreasonably created a hostile, offensive, or intimidating environment for Plaintiff while he was a student at CCM UC and the professors, administrators including the CCM Deans were aware of Defendant Losada prohibited conduct and failed to prevent the hostile, offensive, or intimidating environment.

62. As a proximate result of aforesaid violation, Plaintiff was wrongfully discharged from CCM UC, lost his music scholarship, suffered financial hardship.  Further, he suffered delay and impediment to completing his music education and future career as a performing violinist which constitute irreparable harm.

63. As a proximate result of aforesaid violation, Plaintiff suffered emotional pain, distress, and anxiety.

### FIFTH CAUSE OF ACTION - RETALIATION (ALL DEFENDANTS)

64. Plaintiff incorporates previous allegations as if fully rewritten herein and states further as follows.

65. In response to Plaintiff's exercise of his protected rights, including challenging Defendant Losada accusations of homework cheating using the instructor's manual in March 2017 and requesting a college panel hearing, Defendants retaliated against Plaintiff by dismissing him from CCM even though he was sick in bed with chest pain and was unable to attend the latest hearing.

66. As a proximate result of aforesaid violation, Plaintiff was wrongfully discharged from CCM UC, lost his music scholarship, and suffered financial hardship. Further, he suffered delay and impediment to completing his music education and future career as a performing violinist which constitute irreparable harm.

67. As a proximate result of aforesaid violation, Plaintiff suffered emotional pain, distress, and anxiety.

### SIXTHCAUSE OF ACTION - INTENTIONAL INFLICTION OF PHYSICAL PAIN  AND EMOTIONAL DISTRESS (ALL DEFENDANTS)

68. Plaintiff incorporates previous allegations as if fully rewritten herein and states further as follows.

69. Defendants having knowledge of Plaintiff's medical condition with his heart and should and arm, intended to cause, or knew or should have known that their actions would result in serious physical pain and also emotional distress on Plaintiff.

70. Defendants' discriminatory and retaliatory conduct was so extreme and outrageous that it went beyond all possible bounds of decency and propriety.

71. As a proximate result of aforesaid violation, Plaintiff was wrongfully discharged from CCM UC, lost his music scholarship, and suffered financial hardship, Further, he suffered delay and impediment to completing his music education and future career as a performing violinist which constitute irreparable harm.

72. As a proximate result of aforesaid violation, Plaintiff suffered emotional pain, distress, and anxiety.

## SEVENTH CAUSE OF ACTION - DENIAL OF DUE PROCESS (ALL DEFENDANTS)

73. Plaintiff incorporates previous allegations as if fully rewritten herein and states further as follows.

74. The acts of Defendant Losada represent official academic decisions of Defendant UC and are attributable to Defendant UC.

75. At all times relevant to this Complaint, Plaintiff had a clearly established right to due process of law respecting his position of as matriculated undergraduate of CCM UC and to his music scholarship at CCM UC.

76. Pursuant to *Title: Conduct, rights and responsibilities: Student code of conduct. Division: 40: Students Number: 40-5-0,* Plaintiff has a right to a full and fair hearing to challenge Defendant Losada's accusation of academic cheating/dishonesty which includes his right as the individual involved to be present at the college hearing panel (CHP). Plaintiff did not choose not to be present for said hearing but instead was medically disabled by severe chest pains and syncope and upon recovery from the medical attack, had spoken to two CCM Deans about a new hearing based on medical disability. There is no lawful reason to dismiss Plaintiff without first affording him a new hearing, but for unlawful animus and intentional retaliation.

77. Defendants' actions constitute a deliberate denial, under color of law, of plaintiff's rights to Due Process as guaranteed by the Fourteenth Amendment to the U.S. Constitution. Resulting damages constitute irreparable harm.

## **DAMAGES OF IRREPARABLE HARM**

78. Plaintiff incorporates previous allegations as if fully rewritten herein and states further as follows.

79. Plaintiff was wrongfully discharged from CCM UC, has suffered and will continue to suffer irreparable harm from the delay and impediment to completing his music education and lost time towards his future career as a performing violinist.

80. Plaintiff's irreparable harm is compounded by the fact that he is an international student presently lawfully admitted under and F-1 visa and the unlawful conduct of Defendants against Plaintiff in dismissing him wrongfully from CCM UC has placed him in imminent danger of unlawful presence in the USA and further endangering his future ability to continue an education in the USA by reason of imminent deportation from the USA.

81. Plaintiff received an email on 9/6/2018 from UC International Services captioned *URGENT--Not Enrolled at UC Fall Semester 2018* requesting Plaintiff come into compliance with full time enrollment for classes for Fall Semester classes by 9/14/2018. Failure to do so will result in reporting to U. S. Department of Homeland Security which will render the I-20 out of duration of status and invalidate his F-1 Student Visa. Thereafter, Plaintiff is subject to being placed in removal proceedings and if deported, he will be unable to get a visa into the USA for a period of ten years. Being barred from the USA will render this lawsuit moot as he will be unable to appear before this court including for a jury trial. This is irreparable harm because such harm cannot be remedied by an award of monetary damages.

82. The deportation and removal of Plaintiff will irreparably harm his ability to lawfully reenter the USA. Such harm cannot be remedied by an award of monetary damages.

83. The deportation and removal of Plaintiff will irreparably harm his ability to prosecute this lawsuit. Such harm cannot be remedied by an award of monetary damages if he is unable to testify before the jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands injunctive relief in the form of a temporary restraining order, preliminary injunction and permanent injunction against Defendants, jointly and severally. Said injunctive relief includes an Order to enjoin Defendants from barring Plaintiff from enrolling in fall semester classes, to enable Plaintiff to register and attend classes at CCM UC under his original music scholarship, so that his I-20 remains in duration of status and his F-1 is not invalidated and that he is not placed in removal proceedings by U. S. Immigrations and Customs Enforcement.

Additionally, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in excess of One Hundred Thousand Dollars ($100,00.00), punitive damages, reasonable attorney fees, costs and all other relief at law and in equity to which he may be entitled.

Respectfully submitted,

*s//Charleston C. K. Wang/*
Charleston C. K. Wang OH 0033258
Trial Attorney for Plaintiff
6924 Plainfield Road
Cincinnati OH 45236
Tel: 513-793-7776
Fax: 513-793-7779
email: charlestonwang@wanglaw.net

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all issues.

>Respectfully submitted,
>
>*s//Charleston C. K. Wang/*
>Charleston C. K. Wang OH 0033258
>Trial Attorney for Plaintiff

## REQUEST FOR SERVICE

Praecipe to the Clerk of Court:

Please serve the Defendants by U S Mail at

c/o University of Cincinnati
2600 Clifton Avenue
Cincinnati, Ohio 45221

>Respectfully submitted,
>
>*s//Charleston C. K. Wang/*
>Charleston C. K. Wang OH 0033258
>Trial Attorney for Plaintiff