# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JUNHE QIU,
    Plaintiff,

vs.

UNIVERSITY OF CINCINNATI et al.,
    Defendants.

Case No. 1:18-cv-634
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's motion to reconsider the Court's September 19, 2018 Order denying his emergency motion for a temporary restraining order. (Doc. 11).

As a general rule, a district court will find justification for reconsidering an interlocutory order when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citing *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). Plaintiff has not established any of these grounds for reconsideration in this case.

Plaintiff reargues that he has demonstrated a substantial likelihood of success on the merits on his due process and ADA claims. Plaintiff cites to the Sixth Circuit's recent decision in *Doe v. Baum*, __ F.3d __, No. 17-2213, 2018 WL 4265634, at *3 (6th Cir. Sept. 7, 2018), as well as the Sixth Circuit's decision in *Doe v. Univ. of Cincinnati*, 872 F.3d 393, 399 (6th Cir. 2017). (Doc. 11 at 2-5). In its September 19, 2018 Order, the Court cited to and fully considered these two Sixth Circuit cases to which plaintiff refers. Plaintiff has not demonstrated a manifest error of law in the Court's analysis rejecting his position or in the Court's conclusion that he has not demonstrated a likelihood of success on the merits on these two claims.

Plaintiff also argues that he has demonstrated a substantial likelihood of success on the merits on his discrimination claims. (*Id.* at 5-6). Plaintiff submits "new evidence" in the form of an affidavit from Yi-Chen Hu, a CCM student of Asian national origin who was also accused of academic misconduct by defendant Professor Losada. Mr. Hu's affidavit alleges that he was discriminated against by Professor Losada because of his race, color, and national origin. (Doc. 11-1). However, for the purposes of a motion for reconsideration, "newly discovered evidence" must have been previously unavailable. *Ne. Ohio Coal. for Homeless v. Brunner*, 652 F. Supp.2d 871, 881 (S.D. Ohio 2009) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Divine Tower Int'l Corp. v. Kegler, Brown, Hill, & Ritter Co.*, Nos. 2:04–cv–494, 2:04–cv–584, at *4 (S.D. Ohio Sept. 24, 2008)). Plaintiff has not demonstrated that Mr. Hu's affidavit was previously unavailable. He could have obtained Mr. Hu's affidavit at the time he filed his complaint and motion for a TRO, when he filed his reply to the University's response in opposition to his motion for a TRO, or at the time of the TRO hearing. *See id.*

In any event, Mr. Hu's conclusion that he was allegedly discriminated against by Professor Losada because he was a "good student" and musician who received good grades is speculative and does not establish that Professor Losada had a pattern or practice of discriminating against Asian students. Finally, to the extent plaintiff offers this affidavit to demonstrate that the University's Office of Equal Opportunity and Access falsely claimed it interviewed Mr. Hu in the course of investigating plaintiff's claims of discrimination, that investigation has no bearing on whether plaintiff has a substantial likelihood of success on his race, color, and national origin discrimination claims. Plaintiff's allegation that the investigation represents "collusion, if not deliberate cover-up of Losada's discrimination" (Doc. 11 at 6) is again speculative, and it remains unclear to the Court how it acts to serve as either direct or

2

indirect evidence in support of his discrimination claims, especially in light of the fact that plaintiff still has not demonstrated that he was treated differently from similarly situated students who are not members of his protected class. *See Bell v. Ohio State Univ.*, 351 F.3d 240, 253 (6th Cir. 2003).

Accordingly, because plaintiff has not shown a valid reason for the Court to reconsider its prior ruling, plaintiff's motion for reconsideration (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

Date: 9/25/18

Karen L. Litkovitz
United States Magistrate Judge